IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
NEWNAN DIVISION

| | |
|---|---|
| IVAN MARTIN,<br><br>   Plaintiff,<br><br>v.<br><br>DR'S OWN, LLC D/B/A THE GOOD FEET STORE,<br><br>   Defendant. | Civil Action No.<br><br><br>JURY TRIAL DEMANDED |

## COMPLAINT FOR DAMAGES

COMES NOW, Plaintiff, Ivan Martin ("Plaintiff" or "Mr. Martin"), by and through his undersigned counsel, and files his Complaint for Damages against The Good Feet Store ("Defendant"), and alleges as follows:

## NATURE OF COMPLAINT

1.

Plaintiff brings this action to recover damages for Defendant's unlawful discrimination against him in violation of the Uniform Services Employment and Re-employment Rights Act, ("USERRA") in order to remedy unlawful employment practices on the basis of Plaintiff's service in the military, to vindicate Plaintiff's rights and the rights of other service members, and to ensure fair treatment and equal

opportunity to all employees who also serve in the uniformed services of the United States. Plaintiff is seeking back pay, liquidated damages, and attorneys' fees to remedy these violations of federal law.

## JURISDICTION AND VENUE

2.

Plaintiff invokes the jurisdiction of this court pursuant to 38 U.S.C. § 4301 *et seq*. (USERRA), 28 U.S.C. §§ 1331 and 1343(a)(4), and 28 U.S.C. §§ 2201 and 2202.

3.

Defendant is subject to specific jurisdiction in this Court over the claims asserted in this action. In accordance with 28 U.S.C. §§ 1391(b)(1) and (2), venue is appropriate in this Court.

## PARTIES

4.

Plaintiff is a legal resident and citizen of the United States. Plaintiff is a member of the U.S. Army Reserve and is a "covered employee" within the meaning of USERRA, 38 U.S.C. § 4303(3) in that he sought employment with Defendant, an employer under the Act.

5.

Defendant is a domestic limited liability company registered and authorized to do business in Georgia and is a covered "employer" within the meaning of 38 U.S.C. § 4394(4) in that it is an entity that pays wages for work and had control over employment opportunities for its employees, including Plaintiff. Defendant has conducted business within this District at all times relevant.

6.

At all such times, Plaintiff was an "employee" of Defendant as defined under 38 U.S.C. § 4303(3).

7.

Defendant may be served with process by delivering a copy of the summons and complaint to its Registered Agent, CT Corporation Systems, 289 S Culver St, Lawrenceville, GA, 30046-4805.

## FACTUAL ALLEGATIONS

8.

Plaintiff serves in the U.S. Army Reserve. Defendant was aware of Plaintiff's status as a member of the U.S. Army Reserve.

9.

Plaintiff applied for work with Defendant as a Store Manager for the Newnan, Georgia store on or about March 16, 2022.

10.

Plaintiff was qualified for the store manager position.

11.

On or about that time, Plaintiff interviewed with Jessica Pearson, Defendant's recruiter.

12.

During the interview, Plaintiff explained he was in the military reserves and needed to report for drill one weekend per month and two weeks per year.

13.

Pearson expressed that she thought Plaintiff was a good fit for the store manager position and was impressed with his prior retail experience.

14.

She stated he would have to interview with the District Manager for Defendant.

15.

On or about March 24, 2022, Plaintiff interviewed with the District Manager for Defendant, Shannon Omelchenko.

16.

The interview went well, and Omelchenko stated that Plaintiff certainly had the capabilities to work in the available position but expressed concern and that Plaintiff had a one weekend per month requirement for service with the military.

17.

Omelchenko said store managers had to be at the store every weekend.

18.

Omelchenko also told Plaintiff she had a few more interviews to conduct for the position but would provide him with an update the following Monday.

19.

On or about March 29, 2022, Plaintiff spoke with Omelchenko and she confirmed that although he was qualified for the position, Defendant could not hire him due to his monthly military reserve commitment.

20.

Defendant's denial of employment of Plaintiff was done in bad faith and in direct violation of his rights under USERRA.

21.

Defendant failed to hire Plaintiff because of his military service.

22.

Instead, the position was given to a person who did who was not a member of the reserves.

23.

The Defendant's actions deprived Plaintiff of employment opportunities, income in the form of wages, prospective employment benefits, including social security and other benefits to which he would have been entitled but for Defendant's illegal actions.

## CLAIMS FOR RELIEF

### COUNT I: FAILURE TO HIRE IN VIOLATION OF USERRA

24.

Plaintiff re-alleges paragraphs 1- 23 as if set forth fully herein.

25.

As set out above, Plaintiff was a covered employee as that term is defined by USERRA, specifically 38 U.S.C. § 4303(3).

26.

As a covered employee, Plaintiff was entitled to the benefits and protections of USERRA based on his service in the U.S. Army Reserve.

27.

By notifying Defendant of his U.S. Army Reserve service and his one weekend per month requirement for service with the military, Plaintiff gave proper notice of his need for military leave under USERRA.

28.

Defendant's actions were committed willfully, intentionally and with reckless disregard for Plaintiff's right to be free from discrimination on account of his service in the military reserves.

29.

The effect of Defendant's actions has been to deprive Plaintiff of a job, as well as income in the form of wages, health insurance, prospective retirement benefits, social security, and other benefits due his solely because of his exercise of his rights under USERRA.

30.

As a result, Plaintiff is entitled to both equitable and monetary relief for Defendant's violation of USERRA, as set out at 38 U.S.C. § 4323, including, but not

limited to, back pay, front pay or reinstatement, attorneys' fees, and costs of litigation.

31.

Plaintiff is also entitled to liquidated damages for the violation of his rights under USERRA, 38 U.S.C. § 4323(d)(1)(C).

## COUNT II:  RETALIATION IN VIOLATION OF USERRA

32.

Plaintiff re-alleges paragraphs 1-23 as if set forth fully herein.

33.

As set out above, Plaintiff was a covered employee as that term is defined by USERRA, specifically 38 U.S.C. § 4303(3).

34.

As a covered employee, Plaintiff was entitled to the benefits and protections of USERRA on account of his service in the U.S. Army Reserve.

35.

By notifying Defendant of his one weekend a month military service, Plaintiff gave proper notice of his need for military leave under USERRA.

36.

By intentionally failing to hire Plaintiff on account of his military service commitment, Defendant retaliated against Plaintiff on account of his exercise of his rights under USERRA and in violation of USERRA's prohibition against retaliation under 38 U.S.C. § 4311(b).

37.

Defendant's actions were committed willfully, intentionally and with reckless disregard for Plaintiff's right to be free from discrimination on account of his service in the military reserves.

38.

The effect of Defendant's actions has been to deprive Plaintiff of a job, as well as income in the form of wages, health insurance, prospective retirement benefits, social security, and other benefits due him solely because of his exercise of his rights under USERRA.

39.

As a result, Plaintiff is entitled to both equitable and monetary relief for Defendant's violation of USERRA, as set out at 38 U.S.C. § 4323, including, but not limited to, back pay, front pay or reinstatement, attorneys' fees and costs of litigation.

40.

Plaintiff is also entitled to liquidated damages for the violation of his rights under USERRA, 38 U.S.C. § 4323(d)(1)(C).

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays for judgment as follows:

(a) Compensatory damages, including general damages for mental and emotional suffering caused by Defendant;

(b) Punitive damages based on Defendant's willful, malicious, intentional, and deliberate acts, including ratification, condonation and approval of said acts;

(c) Liquidated damages pursuant to 38 U.S.C. § 4323 for violations alleged under Plaintiff's USERRA Claims;

(d) Damages sufficient to make Plaintiff whole by providing for out-of-pocket losses as well as back pay in an amount equal to the sum of any wages, salary, employment benefits or other compensation denied or lost as a result of Defendant's unlawful and discriminatory acts, all in an amount to be proven at trial;

(e) Reasonable attorneys' fees and expenses of litigation as to all claims;

(f)     Trial by jury as to all issues;

(g)     Prejudgment interest at the rate allowed by law;

(h)     Declaratory relief to the effect that Defendant has violated Plaintiff's statutory rights;

(i)     Injunctive relief of reinstatement, or front pay in lieu thereof, and prohibiting Defendant from further unlawful conduct of the type described herein; and

(j)     All other relief to which he may be entitled.

Respectfully submitted, this 5th day of August, 2022.

**BARRETT & FARAHANY**

*s/Kira Y. Fonteneau*
Kira Y. Fonteneau
Georgia Bar No. 103355
John E. Tomlinson
*Pro Hac Vice Application*
*Forthcoming*

P.O. Box 530092
Atlanta, Georgia 30353
(404) 214-0120
kira@justiceatwork.com
john@justiceatwork.com